UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA M. STUART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV1605 JAR |
| | ) |
| SAINT-GOBAIN CONTAINERS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Defendant Saint-Gobain Containers, Inc.'s Motion to Dismiss (ECF No. 16). This matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff began her employment at Defendant Saint-Gobain Containers ("Saint-Gobain") on September 10, 1996. (Complaint ("Compl."), ECF No. 1, p. 8).[1] After a change in supervisors, Plaintiff claims that she was punished for performing her job, which involved quality control. (Id., p. 8). She also alleges that she was harassed by several foremen. (Id., pp. 9-10). Plaintiff claims that she was treated for four bulging discs and a shifted pelvis. (Id., pp. 11-12). Plaintiff's employment was terminated on May 14, 2007. (Id., p. 13). She complains that no one from her Union represented her at her unemployment appeals meeting, and that the Union failed to arbitrate her claim with the Saint-Gobain. (Id., pp. 13-14). Plaintiff admits that she called the United States Equal Employment Opportunity Commission ("EEOC") regarding filing a charge, but was informed that her charge would be untimely. (Id., pp. 14, 16).

---

[1] Plaintiff alleges that the company originally was named Ball Foster but was later purchased by a French firm and renamed Saint-Gobain Containers. (Compl., p. 8; Memorandum in Support of Defendant Saint-Gobain Containers, Inc.'s Motion to Dismiss ("Memorandum"), ECF No. 17, p. 2).

On or around May 27, 2011, Plaintiff dually-filed her charge of discrimination with the EEOC and the Missouri Commission on Human Rights ("MCHR") alleging disability discrimination, retaliation, and "harassment for doing my job." (ECF No. 1-1, p. 3). Plaintiff also stated that she "had to put back boxes of defective bottles to prove it in grievance meetings." (Id.). The EEOC issued a right-to-sue letter on June 17, 2011, which indicated that Plaintiff's "charge was not timely filed with [the] EEOC." (Id., p. 1). The MCHR adopted the EEOC's findings and issued its own Notice of Right to Sue on July 28, 2011. (ECF No. 1-2).

In her *pro se* Complaint, Plaintiff alleges that she was discriminated against on the basis of her gender and disability in violation of Title VII of the Civil Rights Act of 1962, as amended, 42 U.S.C. §§2000e, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §§12101, *et seq*. (Complaint ("Compl."), ECF No. 1, pp. 1, 5). Plaintiff also alleges that she was discriminated against for whistleblowing. (Id., p. 5). Similarly, Plaintiff identifies that the "nature of the case" involves termination of Plaintiff's employment, failure to accommodate Plaintiff's disability, retaliation, harassment and "whistleblowing." (Id., p. 4). She again alleges "harassment for doing the job I was under contract to do; whistleblowing for putting back boxes of defective bottles." (Id., p. 2). Plaintiff alleges that the discrimination last occurred in April 1999, "when [the] company took away our rights to bid on jobs in the cold end." (Id., p. 3).

## LEGAL STANDARDS

Defendant claims that this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Fed. R. Civ. P. 12(b)(1) allows a district court to dismiss a claim for lack of subject-matter jurisdiction. See Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 931 (8th Cir. 2011). Motions to dismiss for lack of subject-matter jurisdiction can be decided at the pleading stage, like a Rule 12(b)(6) motion. Jessie v. Potter, 516 F.3d 709, 712 (8th Cir. 2008).

Defendant also claims that Plaintiff's Complaint fails to state a claim under Fed.R.Civ.P. 12(b)(6). In ruling on a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the Court must view the allegations in the Complaint liberally in the light most favorable to plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

I.  **Federal Anti-Discrimination and Retaliation Law Claims**

   A.   Title VII and ADA

Plaintiff was required to file her charge of discrimination with the EEOC or the MCHR within 300 days of the allegedly discriminatory occurrence. See 42 U.S.C. § 2000e-5(e)(1) (providing for such a period where claims are filed with "a State or local agency with authority grant or seek relief from such practice or to institute criminal proceedings with respect thereto . . ."); see also Holland v. Sam's Club, 487 F.3d 641, 643 & n.3 (8th Cir. 2007) (holding that the MCHR is such an agency per Mo. Rev. Stat. § 213.030). Title VII and ADA plaintiffs are required to exhaust their administrative remedies with the EEOC, or the comparative state agency, before bringing a

formal action. Tyler v. Univ. of Ark. Bd. of Trs., 628 F.3d 980, 989 (8th Cir. 2011); Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 638 (8th Cir. 2003)(failure to exhaust administrative remedies requires dismissal of ADA action, precluding plaintiff from obtaining review of his ADA claim); Malone v. Ameren UE, No. 4:09CV00053, 2010 U.S. Dist. LEXIS 18611, at *6 (E.D. Mo. Mar. 2, 2010)(dismissing Plaintiff for failure to exhaust his administrative remedies with respect to his claims of gender and disability discrimination). "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994)(citing Patterson v. McLean Credit Union, 491 U.S. 164, 180-81, 105 L. Ed. 2d 132, 109 S. Ct. 2363 (1989)). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e-5(b), ©, (e).

The Complaint alleges that the discrimination occurred no later than May 14, 2007, when Plaintiff was terminated (Compl., p. 13; ECF No. 1-1, p. 3). The charge of discrimination was filed on or around May 27, 2011. (ECF No. 1-1, p. 3). Assuming the allegations in favor of Plaintiff, the charge of discrimination was filed outside the permissible 300-day period. Therefore, Plaintiff's Title VII and ADA discrimination claims are barred by 42 U.S.C. § 2000e-5(e)(1) for failure to exhaust timely her administrative remedies. See Malone, 2010 U.S. Dist. LEXIS 18611, at *6 .[2]

II.     **Unfair Labor Practices Claim**

---

[2]In addition, Saint-Gobain also asserts that Plaintiff's gender and disability claims fail on the merits. (Memorandum, pp. 9-11). Given that these claims fail because Plaintiff has not exhausted her administrative remedies, the Court does not address the merits of these claims.

In her Complaint, Plaintiff alleges that the "company took away our rights to bid on jobs in the cold end." (Compl., p. 3). This allegation could be construed as a National Labor Relations Act ("NLRA") claim for unfair labor practices and/or violation of her collective bargaining agreement. This Court, however, lacks subject matter jurisdiction over this claim because Plaintiff failed to exhaust her NLRA claim with the National Labor Relations Board ("NLRB").  See Vaca v. Sipes, 386 U.S. 171, 179 (1967) (subject to a couple of exceptions, neither state nor federal courts have jurisdiction over suits under the NLRA). Moreover, even if the Court were authorized to hear Plaintiff's NLRA act, Plaintiff has not alleged that she filed a complaint with the NLRB within six months of the occurrence of the unfair labor practice, as required by statute. See 29 U.S.C. §160(b). Accordingly, the Court finds that Plaintiff has not exhausted her administrative remedies and any NLRA claim is barred.[3]

### III.   Whistleblowing and Harassment

In addition to her claims under Title VII and the ADA, Plaintiff alleges "harassment for doing the job I was under contract to do [and] whistleblowing for putting back boxes of defective bottles." (Compl., p. 2). Defendant states that it treats Plaintiff's "whistleblowing" allegations as claims of retaliation under Title VII. (Memorandum, p. 3, n. 1). Defendant later dismisses Plaintiff's "harassment" and "retaliation" claims because they are not the type of conduct that Title VII (or any other law) protects. (Id., p. 12).

This Court disagrees. Construed broadly,[4] the Court finds that Plaintiff could be asserting a common law claim for whistleblowing. See Frevert v. Ford Motor Co., 614 F.3d 466, 471 (8th Cir.

---

[3]Furthermore, to the extent that Plaintiff alleges wrongdoing by the Union, those claims should be brought against the Union, not Saint-Gobain.

[4]The Court construes pro se complaints broadly. Papantony v. Hedrick, 215 F.3d 863, 865 (8th Cir. 2000).

2010)(noting that Missouri recognizes the public-policy exception to the at-will-employment rule); Margiotta v. Christian Hosp. Northeast Northwest, 315 S.W.3d 342, 346-47 (Mo. 2010)("An at-will employee may not be terminated for ... reporting wrongdoing or violations of law to superiors or third parties."). Accordingly, the Court will not dismiss Plaintiff's whistleblowing claim for failure to state a claim.

This Court, however, is a court of limited jurisdiction. United States v. Afremov, 611 F.3d 970, 975 (8th Cir. 2010). The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction. Id. Accordingly, the Court orders Plaintiff to show cause, within fourteen (14) days, her basis, if any, for asserting that this Court has jurisdiction over her claims for "whistleblowing" or "harassment."

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Saint-Gobain Containers, Inc.'s Motion to Dismiss (ECF No. 16) is **GRANTED**, in part, and **DENIED**, in part.  Plaintiff's Title VII and ADA claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause, within fourteen (14) days, her basis, if any, for asserting that this Court has jurisdiction over her claims for "whistleblowing" or "harassment."

Dated this 16th day of December, 2011.

                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE